UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY WATSON, | No.  2:13-cv-2605 GGH P |
| Petitioner, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has not filed an application to proceed in forma pauperis or paid the filing fee.  Petitioner is currently confined at California Men's Colony ("CMC"), which is in the Central District of California.  The application attacks a prison disciplinary finding issued by CMC.  Petitioner has named as respondent, "California Department of Corrections Directors Department, Sacramento, Calif."

It is established that a petition for habeas corpus relief under 28 U.S.C. § 2254 must name "the state officer having custody of him or her as the respondent to the petition." Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir.1994).  The U.S. Supreme Court has reiterated that with certain infrequent exceptions not applicable here, that the proper respondent is "the person who has custody over [the petitioner]." Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 2717-18 (2004), citing 28 U.S.C. §§ 2242, 2243.  "The default rule is that the proper

1

respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Id.  Thus, the proper custodian is the warden or sheriff in charge of the facility where the prisoner is confined.

Any warden or sheriff in California is amenable to personal jurisdiction in the Eastern District in cases challenging state prison disciplinary actions because personal jurisdiction is a state-wide, not individual district, concept.  However, venue concepts are oriented to individual districts.  In habeas corpus cases, venue is proper: (1) in the district of confinement, or (2) in the district of "conviction and sentencing."  28 U.S.C. § 2241(d).

The case of a challenge to a prison disciplinary action resulting in the loss of time credits, although an administrative decision, is analogous to a "conviction and sentencing" in that the court will be concerned with the ease of mustering witnesses and evidence.  Thus, transferring to the district of conviction is preferable because evidence and witnesses for any evidentiary hearing are more likely to be located there.  The California federal district courts have long employed a blanket transfer policy to the district of conviction for "conviction" habeas cases.

Therefore, the court construes a challenge to a prison disciplinary action as more similar to a challenge to a conviction than to a parole suitability denial.  While both this Court and the United States District Court in the district where petitioner was convicted have jurisdiction, see Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973), any and all witnesses and evidence necessary for the resolution of petitioner's application are more readily available in San Luis Obispo County.  Id. at 499 n.15; 28 U.S.C. § 2241(d).

Accordingly, in the furtherance of justice, IT IS HEREBY ORDERED that: This matter is transferred to the United States District Court for the Central District of California.

Dated: February 3, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Wats2605.108-disc